Only counsel for the appellant please. Counsel you'll have 15 minutes and you can reserve any portion of that for rebuttal. It's a recording device not an At the trial in this case, the state presented the testimony of two purported eyewitnesses, both of which had credibility issues. The defense presented nothing, no evidence, no witnesses. When you begin with at the trial, that raises the question about this witness that was presented at the evidentiary hearing. As I recall reading, that very same individual was to be a witness on behalf of the defendant at trial. But he failed to show up. Correct. He was intended to be a witness at trial. No one could find him. The sheriff was out looking for him. The defense investigator was out looking for him as well. So now you get him before the trial judge on the evidentiary hearing, third stage post-conviction hearing, and he testifies. Why do you think we should now get him before the jury to testify? Well, I think the jury needs to hear not just the state's witnesses. They need to hear the fact that there was this other witness to the crime. Someone else that's going to say, no, it wasn't Anthony English, and here's why I can tell you that. I was engaged in a physical struggle with him at the time the gunshots went off. And he will be able to tell the jury a completely different version of events. And a jury should be the one to hear both sides of the situation and decide for themselves who to believe. Was he ever examined at the evidentiary hearing why he didn't appear at trial when he was expected to appear and testify? I can't recall if he stated at the evidentiary hearing why he was not there. But the fact of the matter is that he's available now. He's able to testify now and he's willing to testify now. What's our standard of review on whether or not the trial judge got it right? Right. It's the standard of whether it was manifest erroneous, which is a deferential standard. What I'd like to point out is that the post-conviction judge, in hearing these witnesses, not only Brown, but Cole as well, he didn't look at the testimony of the state's witnesses in his analysis. I mean, these weren't witnesses that were sort of glowing. Did he have to? Is there a case law that says that he had to look at the, he had to basically balance what was presented at the evidentiary hearing versus what was presented at the trial and decide whether or not the jury could decide differently? Well, the standard is an objective standard of what a jury on retrial would have probably changed the result. Now we'd have to look at the whole, you'd have to look at the whole trial. Well, what if he says, what if he says, I've heard the testimony from this witness and I find him simply not credible, end of story. Why isn't that enough? I don't believe it's enough because the jury wouldn't just be hearing that. The jury would be hearing the whole trial. Let me ask you, at a third stage evidentiary hearing, is that the role of the judge to decide whether or not the witness that has been presented to him as a witness that should have testified at trial, is it the role of that judge to decide whether or not that witness is credible? To some extent, they do need to make some credibility determination. I don't think it's as far as to say that he should be the sole decider of whether or not he feels. What's your best case for that? Well, the cases that say that the standard is the reasonable jury. What would the jury say? Not what this judge hearing this evidence would say, but taking the whole thing as a whole, is this case before a jury? So are you taking the position that basically whenever a case gets to the third stage on a missing witness issue that a new trial must ensue? No, absolutely not. Why does a new trial ensue here? Well, because in this case it's close. This is a close case. There could be plenty of situations where a missing witness shows up who maybe is an alibi witness. What is it in Brown's testimony at the subsequent trial that would make this a close case? Well, you would have two witnesses saying that they saw English do it and one witness saying... And what would Brown say? Brown would say that he couldn't have done it. I was engaged in a physical struggle with him as the gunshots went off. Is that what Brown would testify to at this new trial? Yes. That would be his testimony. His affidavit... Are you sure of that? Yes. His testimony at the evidentiary was consistent with the affidavit. You believe that if Brown were your witness you could really rely on his story not changing again once he got to trial? Well, you're referring to obviously the statement that he made to the state's attorney, which I would like to address. It might be a good idea to address that. Yes. He... What did he tell the state's attorney? He told the state's attorney specifically that the statement is not true and I don't want to be involved. But he made a reasonable explanation. Now is that statement, do you think, eligible for impeachment at a subsequent trial? Yes. I think that would be able to impeach him. So he would be subject to impeachment. Not necessarily that he was... credibility would be completely destroyed, but certainly it would be impeachable testimony. Right. But he would also, like he did at the evidentiary hearing... Then he would come back and say what? That I was lying then and I'm telling the truth now? Well, his explanation is pretty reasonable. His explanation was, I was concerned only about my own post-conviction petition. You know, he was being selfish. He wanted his own post-conviction petition to go. That certainly explains why he didn't want to go. It doesn't necessarily explain, or at least I don't see how it explains the statement, that was a lie. Because he thought that the state's attorney, whether it was, you know, the state's attorney told him something, it was implied, or he misrepresented the state's attorney's statements incorrectly. He thought, hey, if I give these people something, they're going to help me on my post-conviction petition. The state's attorney gave him her business card. He thought she was going to help him with his post-conviction petition. Well, obviously he has nothing to gain by helping Anthony English. Why would he want to testify for him? But once you have this impeachment of the witness who is the linchpin for the new trial, that testimony has to be conclusive, doesn't it? At least in the eye and the mind of the trial judge who is listening to the third stage evidentiary hearing. It has to be, in his judgment, testimony that is so probative that it would be conclusive and change the result. How could anyone possibly ever say that about Brown? Because he did explain why he changed his story. And when he was under oath, he was not under oath when he talked to the state's attorney. He's under oath now, he's at the hearing. He has nothing to gain by testifying for Mr. English. Nothing at all. He's not friends with the guy. It's not like his buddy from way back when. This was a rival gang member. He has nothing to gain by testifying, no, he didn't do it. But he's there, he's under oath, and this is the testimony he gave. And I would like to point out, again, that as a whole, the testimony of the state's witness to the trial was not that strong. We have two witnesses, both of whom had motive to testify falsely. But the jury all heard that, and they found the defendant guilty. So now you want a new trial, a completely new trial. And you have to argue to us, it seems to me, that Brown's testimony, without regard to whether it's been impeached or not, will be so conclusive that it will change the result the next time around. And that's a pretty high threshold, isn't it? And you're going to use Brown as an exemplar for that kind of testimony? Well, he would testify contradictory to these two witnesses. Now this isn't the same thing as somebody coming out of the woodwork ten years afterwards with no criminal history and no incarceration in his or her background who says, I was there, and this is what really happened. Right, it is different. He does have a prior conviction. He is incarcerated. Both of the state's witnesses also have prior convictions. Sure. I mean, it's going to be the jury's job to balance, okay, this side has credibility issues, this side may have credibility issues. Who are we going to believe? You want a brand new trial, in other words, without respect to having to jump that final hurdle, which is what a third stage evidentiary hearing is all about. Well, no, I mean, I think that the evidence... Under your analysis, this is starting all over from scratch, because Brown has come in with a new theory of the case. Well, I'm not understanding your question. I mean, I'm not saying that we have to jump over anything. I'm saying that his testimony is conclusive enough... Conclusive enough so that it would change the result. Exactly. That's exactly what my argument is. I understand. And to finish what I was saying about the state's witnesses is that in addition to their prior convictions, they both never came forward to testify, or never came forward to the police until the son was arrested. And that's a pretty big issue. They had four months where they didn't tell anyone anything until he's in a position where maybe, even though he says there was no deal, this court in the remand order did note they had credibility issues with those witnesses. There were issues there that he got only six years on this armed robbery after he testified about this. I'd also like to point out one other fact about what a new trial would look like. One of the facts that the state presented was that the gun was the same in this case as was in the other case, and we have a witness that says that English did that case. But that witness was also Josh Cole, and he's saying that he's also recanting in his affidavit that, that he saw him shoot Scarver. So that connection of the gun also is another piece of evidence that wouldn't be in a new trial. So not only do we have the new witness to counteract these two witnesses that had credibility issues, but we also have, you know, this other fact that will be taken out. I want to ask you one question. Sure. Should we consider at all the trial court's credibility determinations of Brown? It seems to me that Brown couldn't even tell you what he had for breakfast the same time twice. Well, certainly there is a deferential standard regarding what his interpretation of the credibility was. But as I stated earlier, he didn't look at the standard from the record. It appears he doesn't look at the standard from, would it probably change the jury's mind on a retrial? Would a reasonable jury find differently? He said, I didn't find them compelling because they had baggage. Well, the state's witnesses also had baggage, and he didn't take that into account in his analysis. Well, does he have to even take that into account at this stage? Does he have to revisit the first trial and examine the testimony of the state witnesses, which led to the conviction, presumably? Well, I think that the, I believe it was the Ortiz court that stated on retrial, I mean, it's evidentiary and you need to be balanced. The court, in reviewing an evidentiary hearing decision, needs to balance the two sides and the credibility of witnesses on both sides and decide whether or not a new trial would be born. Just so it's clear, there was argument at the conclusion of the evidentiary hearing. There is argument, and each side gets a chance to inform the trial judge what standard he should apply in deciding the case. And counsel for the defendant would have certainly have told the trial judge that, you know, you have to place yourself in the shoes of a reasonable juror and decide whether this evidence that you've just heard would have changed the verdict that the jury reached. And so I don't understand why you say that the trial judge may have, while using the term, I find Mr. Brown not to be credible, is somehow at odds with the standard that he should have applied. Well, I cannot recall specifically if the defense attorney did actually reiterate that standard in his argument. Have you ever seen a third stage evidentiary hearing? I just wanted to point out that during his argument, which I believe the state didn't even argue the judge went ahead and ruled without even hearing the state's argument. The judge interrupted him frequently, talking about, oh, well, Brown has baggage and this and that. So it almost seems as though he may have already had his ruling in mind before he even heard the attorney's argument. But this is a very experienced trial judge. Right, and this was also a trial judge who wasn't the trier of fact at the trial. And he also seemed a bit reluctant in the records to even hold that evidentiary hearing. It seems like after on remand, he was like, okay, well, I have to hold this hearing. I'm going to hold it. Well, he was ordered to do so by us. Right, exactly. Well, in being a good trial judge, he followed the mandate of the appellate court. Right, but perhaps he wasn't. I mean, I shouldn't speculate. He wouldn't have been the first trial judge who did it begrudgingly. I speak from experience. You know, you mentioned Ortiz a few moments ago. In Ortiz, the witness who came forth, that witness not only said the defendant didn't do it, he told the court who did do it. Right. I mean, so how can you compare that with this? And there was no credibility issues in that case. Well, I was just using it for the fact that the balancing test that they discussed. And I mean, just because Brown was in the middle of a fight and couldn't see who fired the shots doesn't make him any less of a witness. I mean, it's not his fault he didn't see what happened. And he still, you know, the jury still needs to hear this witness. I'm going to ask you to wrap up, and we'll give you a couple minutes. Sure. And we would just ask that this court reverse the remand for a new trial. All right. Thank you. Counsel, on behalf of the state. May it please the court, counsel. My name is Claire Wessel at Connolly. I'm an assistant state's attorney, and I represent the people of the state of Illinois in this case. At the evidentiary hearing in this case, the defendant did not present any credible and reliable evidence. In his brief and here today, the defendant has a hard time attesting to the credibility of these witnesses. Because he can't rely on the credibility of these witnesses, he is asking this court to find that the post-conviction court could not make a credibility determination during the third stage review. The defendant's argument is simply contrary to established case law. The defendant relies on the decision in Peoples v. Ortiz. But as Justice Gordon pointed out, Ortiz, in that case, the court did not make any type of credibility determination. It looked at the factors regarding the newly discovered evidence and based its decision on the cumulativeness factor. In that case, the Ortiz court said, quote, the fact finder will be charged with determining the credibility of the witnesses in light of the newly discovered evidence. That was based on the fact that the post-conviction court in that case did not make a credibility determination. It does not say in Ortiz that the post-conviction court at a third stage review cannot make a credibility determination. So let's say we find that the trial judge here shouldn't have gone so far as to make a credibility determination here. But the facts on the face of them presented by Mr. Brown, would they be sufficient under the Ortiz standard to trigger a new trial? Okay. First of all, clearly, as I said before, case law says at a third stage review, the post-conviction court can make a credibility determination. There's no disputing that. Okay. There's no disputing that. Let's say we have a difference of opinion. Okay. But when you look at the credibility of William Brown, his credibility is so questionable in this case. He was serving, he was in Statesville, incarcerated, serving a 50-year murder conviction at the time he submitted this affidavit on the defendant's behalf. He's incarcerated along with Josh Cole. He was listed as a potential defense witness at trial. That's correct. And so that suggests that he was someone that the defendant was going to rely on to present exculpatory evidence. Right. So it's not, whatever events occurred after that shouldn't undermine the defendant's position that Mr. Brown was going to help him. He was a potential witness for the defense. He did not appear. He was subpoenaed wherever he went. He failed to appear. But he talked to the police, and then he also talked to the state's attorneys in this case. And then he admitted when he, and there was a stipulation introduced that when he talked to the state's attorney, he admitted to them that he lied to the police when he talked to them. It's unclear what he actually said to the police. That's not part of the record. Also, if you look at the offer of proof submitted by the public defender in this case, he said that Brown would testify that he was there and that Cole was the one who was also there. He could not identify the shooter. But he also said in the offer of proof that the defendant wasn't there. And he also said that he would look at the lineup identification photo, which included the defendant, and he would testify that none of the people that were in that photo lineup were at the scene. Now, ten years later, he comes back and says, oh, I happened to be fighting with the defendant at the time. You also have to question his credibility in this case when he admitted that when he was interviewed by the assistant state's attorney and the investigator in this case, that he told them he made this affidavit up because he was mad at the state because of his own pending post-conviction petition. He admitted that he wrote on the bottom of the affidavit during that interview, quote, this statement is not true. I don't want to be involved. I was upset about my case, and this affidavit was my response. Moreover, none of the trial evidence in this case supports Brown's versions of the facts. Neither Keith Dickerson nor J.C. Orsby saw Cole at the scene, and they would have been able to identify Cole because they were related to Josh Cole. Keith Dickerson testified that he was cousins with Josh Cole. If Cole was at that scene, they would have been able to identify him, and they didn't. Moreover, when Cole testified, excuse me, the investigator, when the investigator testified, he said that during the interview that Brown repeatedly denied any knowledge of the shooting and said that he signed the affidavit because of his own pending post-conviction petition. You also have to look at the credibility of Josh Cole, the recanter. The recantation testimony has been found to be highly unreliable. His credibility is questionable since he was serving a four-year sentence for his involvement in another first-degree murder case at the time that he submitted this affidavit. At the hearing, Cole admitted that he told the assistant state's attorney and the investigator that his friend Sidney, a fellow gang member, gave him the affidavit to sign. He would do anything for his friend Sidney, and he signed it without even looking at the affidavit. He admitted that he wrote on the bottom of his affidavit, Mr. P.D., you and your client are trying to feed me to the wolves yet require my help. Sorry, I'm not interested in anything you have to say. I don't remember reading this until 3-18-09. This is not true. He also admitted that in his affidavit, he, the defendant, and Brown were all incarcerated at Statesville Correctional Center at the time that he submitted this affidavit. Clearly, the trial court's decision to deny the defendant a new trial was not manifestly erroneous. Therefore, the people respectfully request that this court affirm the post-conviction court's denial of the petitioner's request for a new trial. Thank you very much. Thank you. Brief rebuttal. First, I just wanted to clear up a couple of factual things. It's my reflection of the record that Dickerson is cousins with Will Brown and not Josh Cole, which obviously that would, if he was cousins with, I mean, that's just. Did that probe it into the need? No, just because she made the point that obviously they would have recognized if Cole was there because they were his cousins, and he wasn't. Finally, just real quickly regarding the standard. Again, we're not saying that the judge shouldn't be looking at the credibility of the witness at all. We're just saying that there needs to be sort of a, I guess like a continuum of analysis. I mean, obviously in every case, there shouldn't be an evidentiary hearing. And certainly in every case, there shouldn't automatically be a denial, I mean, a new trial. In every case, there shouldn't automatically just be a denial. Well, the key here in the appellate court remand for an evidentiary hearing was A, there was some evidence that Brown really was deprived of an opportunity to testify at the original trial. Right.  So that basically the affidavit he subsequently prepared was in fact newly discovered evidence. Right. Okay. However, the affidavit that he prepared, which the appellate court based its newly discovered evidence decision on, he later in effect rejected, didn't he? Did I know Will Brown? Yeah. Well, he, I mean, when he talked to the state's attorney. Right. I mean, that was just because he felt they were promising something. And when he testified under oath, he reiterated it. And one other thing I wanted to mention, the state does But doesn't the trial judge have an obligation to take that into consideration, the context in which this, quote, newly discovered evidence is offered? Right, of course. They need to look at the whole picture. Right. But I think that the jury also needs to see this whole picture. Now, wait a minute now. First of all, you're getting into that third trial again, and you really want to, it seems to me, make the evidentiary hearing, the evidentiary hearing, third stage pro forma. Well, no, because the judge needs to look at the perspective of what the new jury at a new trial would decide. And that's the standard at third stage hearing. What would, is there a reasonable probability that the jury at the new trial would acquit? And so that's why I keep going there, because that's what he needs to be thinking when he's looking at this whole picture. I guess we're on the same page. If there are no other questions, we would just ask this court to remand for a new trial. All right, thank you very much. Thanks. Both counsel and case will be taken under advisement.